IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAJAIRA VIDAL deGARCIA, **et al.**, | : : | |
| Plaintiffs | : : | No. 1:20-cv-00601 |
| v. | : : | (Judge Kane) |
| EDWIN CABRERA SOTO, | : : | |
| Defendant | : | |

**MEMORANDUM**

Before the Court is Defendant Edwin Cabrera Soto ("Defendant")'s motion to dismiss for lack of personal jurisdiction and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). (Doc. No. 18.) For the reasons that follow, the Court will deny Defendant's motion.

**I.     BACKGROUND**

On April 10, 2020, Plaintiffs Yajaira Vidal deGarcia, Jose Garcia Almonte, and G.G.V., a minor, by and through his parent and natural guardian, Yajaira Vidal deGarcia ("Plaintiffs") initiated the above-captioned action by filing a complaint against Defendant, alleging claims of negligence in connection with an automobile accident that occurred on or about August 24, 2018. (Doc. No. 1.) A summons for service on Defendant was also issued on April 10, 2020. (Doc. No. 2.) Plaintiffs filed an affidavit purporting to be proof of service of the summons and complaint upon Defendant on July 14, 2020. (Doc. No. 4.) On October 13, 2020, the Court issued an Order noting concerns with the adequacy of service and directed Plaintiffs to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 5.) In Plaintiffs' response to that Order, Plaintiffs asserted that they believed service to have been properly effectuated by mail because the required documents were sent via certified

mail and a return receipt was requested, albeit not received. (Doc. No. 7 at 2.) Plaintiffs requested that the Court not dismiss this action because the statute of limitations expired on August 24, 2020, and instead grant Plaintiffs sixty (60) days to attempt to serve Defendant by personal service. (Doc. No. 7 ¶¶ 13-15.) The Court issued an Order granting the requested extension on November 9, 2020. (Doc. No. 8.)

During the extended period, Plaintiffs attempted to serve Defendant on three separate occasions at three different addresses. After each unsuccessful attempt, Plaintiffs filed an affidavit of investigative due diligence on the docket documenting the attempt. (Doc. Nos. 9, 10, 11.) Finally, on January 8, 2021, Plaintiffs filed a motion requesting entry of an order permitting alternative service. (Doc. No. 12.) Specifically, after documenting their extensive efforts to locate Defendant and effectuate service through normal means, Plaintiffs proposed that they serve Defendant via publication and by mailing a copy of the complaint through regular and certified mail to the Defendant's insurance company, Erie Insurance, at P.O. Box 2013, Mechanicsburg PA 17055. (Id.) The Court granted Plaintiffs' motion to serve Defendant via publication on January 19, 2021, specifically stating that:

> In the present case, Plaintiffs appear to have made every effort to locate Defendant. Plaintiffs have attempted service on five occasions at no fewer than three separate addresses, including one that Defendant provided in connection with an official police report and one that is the address on file with his insurance company. On each occasion, the process server was informed by current residents that Defendant is not known at the address. (Doc. Nos. 9, 10, 11.) As detailed, supra note 1, Plaintiffs have conducted internet searches and made inquiries with postal authorities, the Department of Motor Vehicles, and Defendant's insurance company. All attempts to locate Defendant to date have been unsuccessful. Accordingly, the Court finds that Plaintiffs have adequately demonstrated good faith with respect to service of process in the above-captioned action and will grant Plaintiffs' request for authorization of alternative service.

(Doc. No. 13 at 3-4.) The Court further concluded, with respect to whether the proposed methods of alternative service were reasonably calculated to give actual notice to Defendant, that

"in the absence of any known location for Defendant, the dual proposals of service by publication and service by mail to Defendant's insurance company are reasonably calculated to give notice to Defendant." (Id. at 4 n.3.) In accordance with the Court's Order, Plaintiffs subsequently served a copy of the complaint on Defendant's insurance company (Doc. No. 14) and filed notices of service by publication in The Daily Record, a business, legal, and government news publication in the state of Maryland (Doc. No. 15), and The Baltimore Sun, a newspaper of general circulation and the largest daily newspaper in Maryland (Doc. No. 16).

Defendant's insurance company retained counsel on Defendant's behalf and counsel entered an appearance in this action on February 9, 2021. (Doc. No. 17.) Defendant's counsel avers that neither counsel nor Defendant's insurance company has been able to establish contact with Defendant. (Doc. No. 18 ¶ 12.) Nonetheless, Defendant's counsel filed a motion to dismiss the above-captioned action for lack of personal jurisdiction and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). (Doc. No. 18.) Plaintiffs filed a brief in opposition on February 24, 2021. (Doc. No. 20.) Defendant did not file a reply, and, as the time for filing a reply has expired, Defendant's motion is ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to bring a motion challenging the court's right to exercise personal jurisdiction over it. See Fed. R. Civ. P. 12(b)(2). "A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." Carteret Sav. Bank, 954 F.2d at 144-45 (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987)). Pennsylvania's long-arm statute permits the Court to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa.

Cons. Stat. § 5322(b).  Therefore, in its exercise of personal jurisdiction, this Court is constrained only by the Due Process Clause of the United States Constitution, which requires that a defendant has "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  See O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Requiring "minimum contacts" between the defendant and the forum state gives "fair warning" to a defendant that he or she may be called to defend a lawsuit in that state.  See Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quotation omitted).

Two types of personal jurisdiction comport with these notions of due process: specific and general jurisdiction.  See Daimler AG v. Bauman, 134 S. Ct. 746 (2014).  Specific jurisdiction encompasses cases "in which the suit 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'"  Id. at 754 (citations omitted).  General jurisdiction, however, may be exercised by a court when foreign corporations' "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate."  Id. (citations omitted).  Although "[a] single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant," see Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit has acknowledged that "[p]roper service is still a prerequisite to personal jurisdiction."  See Grand Ent. Grp. v. Star Media Sales, 988 F.2d 476, 492 (3d Cir. 1993) (citations omitted).  Accordingly, it follows that where a defendant seeks dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), which provides the Court with broad discretion to dismiss a complaint for insufficient service of process, see Fed. R. Civ. P. 12(b)(5), the due process considerations of Rule 12(b)(2) are necessarily implicated.

**III.   DISCUSSION**

Defendant's arguments in support of the pending motion are straightforward. Defendant asserts that Plaintiffs have failed to adequately serve Defendant, and that, therefore, the Court lacks personal jurisdiction over Defendant. (Doc. No. 19 at 10.) Specifically, Defendant argues that Plaintiffs' attempts at service are not reasonably calculated to give notice to Defendant and allowing this action to proceed would be unduly prejudicial and violate Defendant's right to due process. (Id. at 9.) Defendant further argues that, even if Plaintiffs' attempts at service are reasonably calculated to give notice to Defendant, Plaintiffs have not complied with this Court's Order authorizing alternative service. (Id. at 7-8.) In response, Plaintiffs once again detail their extensive efforts at effectuating service on Defendant by normal means prior to moving the Court for the entry of an Order authorizing alternative service. (Doc. No. 20-1 at 2-4.) Further, Plaintiffs address Defendant's contention that they failed to comply with the Court's Order of January 19, 2021 (Doc. No. 13) by asserting that they: (1) "mailed a copy of the Complaint to Defendant's insurance company, Erie Insurance, via regular and certified mail" (Doc. No. 20-1 at 6); (2) "published their legal notice in The Daily Record on January 27, 2021 . . . [which] satisfies Pennsylvania Rule of Civil Procedure 430's requirement that Plaintiff[s] 'advertis[e] a notice of the action once in the legal publication, if any, designated by the court for the publication of legal notices'" (id. at 6-7); and (3) "Plaintiffs published their legal notice in The Baltimore Sun on January 25, 2021 . . . [which] satisfies Pennsylvania Rule of Civil Procedure 430's requirement that Plaintiff 'advertis[e] a notice of the action once…in one newspaper of general circulation within the county'" (id. at 7).

As an initial matter, the Court notes that Defendant makes no argument that this Court cannot exercise personal jurisdiction over Defendant except insofar as Defendant asserts that

5

Plaintiffs have failed to effectuate adequate service of process. Indeed, as it is clearly established that "[w]here the [Defendant's] contacts evaluated are those that give rise to the litigation, even one contact with the forum may be enough to justify jurisdiction," see Grand Ent. Grp., 988 F.2d at 483, it would be difficult for the Court to determine that Defendant does not have minimum contacts with Pennsylvania to justify the exercise of jurisdiction when the instant dispute arises from an automobile accident that occurred in Pennsylvania. Further, the Court observes that, insofar as Defendant argues that Plaintiffs did not demonstrate good faith with respect to their attempts at normal service or that Plaintiffs' attempts at alternative service were not reasonably calculated to give notice to Defendant, the Court specifically found in its Order of January 19, 2021 that "Plaintiffs appear to have made every effort to locate Defendant" and that "in the absence of any known location for Defendant, the dual proposals of service by publication and service by mail to Defendant's insurance company are reasonably calculated to give notice to Defendant." (Doc. No. 13 at 3-4 and n.3.) The Court fully considered the record in this case and the applicable law in making that determination and Defendant has made no argument in support of the instant motion that would require reconsideration of the Court's finding. Accordingly, the only question that remains is whether Plaintiffs have properly effectuated service by alternative means as authorized by the Court's prior Order.

Federal Rule of Civil Procedure 4(e) provides that service may be made in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See Fed. R. Civ. P. 4(e)(1). Under the Pennsylvania Rules of Civil Procedure, "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special

order directing the method of service." See Pa. R.C.P. No. 430(a).  Rule 430 also details rules for service by publication.  See Pa. R.C.P. No. 430(b)(1).  Specifically Rule 430 provides that:

> [i]f service of process by publication has been authorized by rule of civil procedure or order of court, the publication shall be by advertising a notice of the action once in the legal publication, if any, designated by the court for the publication of legal notices and in one newspaper of general circulation within the county.

See id.  As the Court noted, supra, and as Plaintiffs aver, Plaintiffs complied with the Court's Order by serving a copy of the complaint on Defendant's insurance company (Doc. No. 14) and filed notices of service by publication in The Daily Record, a business, legal, and government news publication in the state of Maryland, which provides a public notice database (Doc. No. 15), and The Baltimore Sun, a newspaper of general circulation and the largest daily newspaper in Maryland (Doc. No. 16).  Defendant's arguments do not clearly explain how Plaintiffs' publications are deficient, and, in the Court's view, Plaintiffs' publications facially appear to comport with the requirements of Federal Rule of Civil Procedure 4(e) through compliance with Pennsylvania Rule of Civil Procedure 430.  Accordingly, the Court finds that Plaintiffs have effectuated service on Defendant in compliance with Rule 4 and the Court's Order of January 19, 2021 and will deny Defendant's motion to dismiss.

### IV.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to dismiss.  (Doc. No. 18.)  An Order consistent with this Memorandum follows.